IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| GARY SPANN | : | CIVIL ACTION |
|     Plaintiff, | : | |
| | : | |
| v. | : | |
| | : | |
| FRANK D. GILLIS, et al., | : | NO. 05-0034 |
|     Defendants. | : | |

ORDER

AND NOW, this   28th   day of February 2006, upon careful and independent consideration of the pleadings and record herein, and after review of the Report and Recommendation of United States Magistrate Judge Thomas J. Rueter (Doc. No. 12) and Petitioner's Objections to the Report and Recommendations (Doc. No. 21), it is hereby ORDERED as follows:

    1.    The Report and Recommendation is APPROVED and ADOPTED.

    2.    The petition for a writ of habeas corpus is DENIED.

    3.    A certificate of appealability is <u>not</u> granted.

In his objections, petitioner argues that, because the statute of limitations has run in state court, the claims contained in his amended petition should be substantively addressed even though they have not been exhausted in state proceedings. Pet's Obj. at 4-6. Magistrate Judge Rueter recognized that the claims contained in petitioner's amended petition would be time barred by the one-year statute of limitation under 42 Pa. Cons. Stat. Ann. § 9545(b). Report & Recommendation ("R&R") at 7. "[W]hen exhaustion is futile because state relief is procedurally

barred, federal courts may only reach the merits if the petitioner makes the standard showing of 'cause and prejudice' or establishes a fundamental miscarriage of justice." Whitney v. Horn, 280 F.3d 240, 252-53 (3d Cir. 2002) (quoting Lines v. Larkins, 208 F.3d 153, 166 (3d Cir. 2000)). Magistrate Judge Rueter correctly noted that petitioner demonstrated "neither cause for the default nor that the federal court's failure to consider the claim will result in a fundamental miscarriage of justice." R&R at 8.  Therefore, Magistrate Judge Rueter properly declined to reach the merits of the claims contained in the amended petition.

Petitioner also argues that Magistrate Judge Rueter failed to address the claims set forth in the original petition for a writ of habeas corpus. Pet.'s Obj. at 4.  Petitioner did not include the claims set forth in the original petition in his amended petition.  An amended pleading ordinarily supercedes the original pleading, rendering the original of no legal effect. See Young v. City of Mount Ranier, 238 F.3d 567, 572 (4th Cir. 2001); In re Crysen/Montenay Energy Co., 266 F.3d 160, 162 (2d Cir. 2000); Hal Roach Studios, Inc. v. Richard Feiner and Co., Inc., 892 F.2d 1542, 1546 (9th Cir. 1990); Fritz v. Standard Sec. Life Ins. Co. of New York, 676 F.2d 1356, 1358 (11th Cir. 1982); Ghadiali v. Delaware State Medical Soc., 48 F. Supp. 789, 793 n.3 (D. Del. 1943); Charles A. Wright, Arthur R. Miller & Mary Kay Kane, 6 Federal Practice and Procedure § 1476, at 556-57 (1990). Therefore, Magistrate Judge Rueter correctly limited his analysis to the claims set forth in the amended petition.

Even if the claims contained in the original petition had been included in the amended petition, the petition for a writ of habeas corpus would still be denied because the claims contained in the original petition are without merit.  In his original petition, petitioner argues that his trial counsel and his appellate counsel were constitutionally ineffective for their failure to

raise a number of issues at trial and on direct appeal. Pet's Brief at 7-8. Specifically, petitioner contends that trial counsel was constitutionally deficient for failing to request a <u>Kloiber</u> charge, for failing to request a jury instruction on Emily Harris's <u>crimen falsi</u> conviction, for failing to object to references to the petitioner's police photo and photo number, for failing to seek to introduce medical records establishing that Randolph Paige was intoxicated at the time of the incident, for failing to interview people regarding the bad reputations of Emily Harris and Randolph Paige, for denying the petitioner the opportunity to present an alibi defense, for failing to request a jury instruction on the alibi, and for failing to request a jury instruction on Emily Harris's parole status. <u>Id</u>. Petitioner argues that appellate counsel was constitutionally deficient for not raising most of these claims for ineffective assistance of trial counsel on direct appeal and for not appealing the trial court's ruling precluding petitioner from presenting testimony about the outstanding arrest warrant for Emily Harris. <u>Id</u>.

The <u>Kloiber</u> claim and the <u>crimen falsi</u> claim were raised and denied in the first PCRA proceeding. On appeal, the Pennsylvania Superior Court affirmed the denial of the PCRA motion, reasoning that the <u>Kloiber</u> charge was not required under the facts of the case and that petitioner was not prejudiced by counsel's failure to request a jury instruction on the <u>crimen falsi</u> conviction because the jury was aware of Harris's perjury and her <u>crimen falsi</u> convictions.[1] <u>Commonwealth v. Spann</u>, No. 2049 EDA 1999, slip op. at 3-6 (Pa. Super. Ct. Aug. 3, 2000). The remaining claims were raised and denied in the second PCRA proceeding. On appeal, the Pennsylvania Superior Court affirmed the denial of the second PCRA motion, adopting the

---

[1] During her testimony, Harris admitted that she lied under oath. The judge instructed the jury that if they found a witness lied about one part of the testimony, they had the right to disbelieve all of that witness's testimony.

PCRA court's analysis on the merits of petitioner's claims.[2] Commonwealth v. Spann, No. 2850 EDA 2002, slip op. at 8 (Pa. Super. Ct. Aug. 26, 2003). The opinions of the PCRA court and the Pennsylvania Superior Court fully and completely address petitioner's claims.

In Williams v. Taylor, 529 U.S. 362 (2000), the Supreme Court determined that 28 U.S.C. § 2254(d)(1) established two distinct paths for the invalidation of a state conviction on federal habeas review. First, federal habeas relief is warranted if a state conviction is "contrary to ... clearly established Federal law." 28 U.S.C. 2254(d)(1). This path applies when a state court's actions are "diametrically different" or "mutually opposed" to clearly established law. Williams, 529 U.S. at 406. Second, federal habeas relief is appropriate if the state conviction "involves an unreasonable application of ... clearly established Federal law." 28 U.S.C. 2254(d)(1). This path encompasses cases in which the state court applies the proper Supreme Court precedent to specific facts in an objectively unreasonable way or where the court unreasonably extends (or refuses to extend) a clearly established rule. Williams, 529 U.S. at 409.

The applicable, clearly established law governing Sixth Amendment claims of ineffective assistance of counsel is the two-prong test of Strickland v. Washington, 466 U.S. 668, 687-88

---

[2] The PCRA court held that petitioner was not prejudiced by the reference to the police photo number, by trial counsel's failure to present alibi evidence or reputation evidence, or by the lack of an alibi instruction. Commonwealth v. Spann, No. 0030 (C.P. Phila. Aug. 9, 2002). The PCRA court held that, since the medical records at issue did not indicate that Mr. Paige was intoxicated and the evidence regarding the bad reputations of Emily Harris and Randolph Paige was inadmissible opinion evidence, counsel could not be deemed ineffective for failure to introduce this evidence. Id. The PCRA court also held that, contrary to petitioner's claim, evidence regarding the outstanding arrest warrant was presented to the jury. Id. Finally, the PCRA court held that petitioner's claim that the jury should have been instructed that Ms. Harris's testimony may have been biased because of her parole status "is absurd." Id.

(1984).[3]  In the instant matter, the state court's denial of petitioner's ineffective assistance of counsel claims was not "diametrically different" or "mutually opposed" to the clearly established law in Strickland, and the state court did not apply Strickland in an objectively unreasonable way. Rather, petitioner's claims did not satisfy either prong of the Strickland test.  Petitioner did not demonstrate that his trial counsel or his appellate counsel was deficient or that, but for any claimed deficiencies in his representation, the outcome of the trial or appeal would have been different.  As a result, his petition for a writ of habeas corpus must be denied.

BY THE COURT:

/S/LEGROME D. DAVIS

LEGROME D. DAVIS, J.

---

[3] Under the first prong, a habeas petitioner must demonstrate that counsel's representation fell below an objective standard of reasonableness considering all the circumstances. Strickland v. Washington, 466 U.S. 668, 687-89 (1984); see also Jacobs v. Horn, 395 F.3d 92, 102 (3d Cir. 2005).  Under the second prong, a habeas petitioner must demonstrate that he was prejudiced by counsel's substandard performance.  Strickland, 466 U.S. at 687. A petitioner is prejudiced if there is a reasonable probability that, but for counsel's unprofessional errors, the outcome of the proceeding would have been different. Id. at 694; see also Jacobs, 395 F.3d at 105.